IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

FEDERAL DEPOSIT
INSURANCE

CORPORATION ASRECEIVERFOR
EUROBANK,

    Plaintiff,

v.

RAFAEL ARRILLAGA-TORRÉNS, JR.,
*et al*.;

    Defendants.

Case No. 13-01328CCC

**FDIC-R'S OPPOSITION TO DEFENDANTS' MOTIONS
TO EXTEND CASE MANAGEMENT DEADLINES**

TO THE HONORABLE COURT:

The Federal Deposit Insurance Corporation, as Receiver for Eurobank of San Juan, Puerto Rico ("FDIC-R"), submits this opposition to Defendants' Motions to Extend Case Management Deadlines (ECF Nos. 97-99) and states and prays as follows:[1]

On May 31, 2013, the Court entered a Case Management Order ("CMO") (ECF No. 17), which, among other things, allowed the parties until December 4, 2013, to conduct discovery, and required Plaintiff and Defendants to produce any expert reports by October 5, 2013, and November 4, 2013, respectively.  On July 29, 2013, the parties filed a Joint Report of Parties' Planning Meeting ("Joint Report") in which the parties requested that certain dates in the CMO be modified "[g]iven the nature of the allegations, complexity of the legal, and factual issues implicated, number of parties, anticipated large number of documents to be produced, and the need for opinion evidence in this case."  (ECF No. 41 at 4).  On September 5, 2013, the Court entered an order

---

[1]  Defendants ACE Insurance Company and XL Specialty Insurance Company have not requested an extension of deadlines.

granting the Joint Report, thus allowing the modified dates suggested by the parties. (ECF No. 57).

FDIC-R has utilized the deposition dates available to it under the approved Joint Report to take a

total of 11 depositions thus far and is prepared to complete discovery on schedule.[2]  FDIC-R also

met its January 13, 2014 deadline to produce reports for three retained experts and disclosures for

two non-retained experts.  In contrast, Defendants Liberty Mutual Insurance Company ("Liberty")

and Arrillaga (one of the Director Defendants) have neither noticed a deposition nor expressed the

intention to do so.  The remaining Director Defendants have taken only two depositions.  Not

surprisingly, then, Liberty claims that "there is much discovery left to be done," (ECF No. 97 at

5), Arrillaga claims that "an abundance of discovery as [sic] yet to be done," (ECF No. 99 at 2),

and the remaining Director Defendants claim that the current discovery schedule will "leav[e]

important areas undiscovered."  (ECF No. 98 at 2).  Yet none of them explains what discovery

needs to be done or why they have done so little to date.

The dates approved in the Joint Report were discussed and agreed to by all parties, and

nothing has occurred since the Joint Report to enhance the complexity of the issues or increase the

number of parties or anticipated number of documents.  And FDIC-R's expert reports certainly did

not present any unexpected opinions given the allegations in the Complaint and the discovery that

has occurred.  As part of the Joint Report, all Defendants specifically agreed to produce their expert

reports one month after FDIC-R produced its expert reports, yet Liberty now characterizes this as

"a nearly impossible feat" (ECF No. 97 at 4) in that the deadline comes one week after the

depositions of FDIC-R's experts (another date to which all parties agreed).[3]  But the Defendants'

---

[2] FDIC-R had scheduled an additional deposition of a Director Defendant but agreed to postpone it as a result of a death in the director's family.

[3] The parties agreed in the Joint Report that FDIC-R's experts would be deposed the week of February 3-7, yet as of the morning of January 27, the Defendants had not scheduled the depositions despite FDIC-R's offer to produce all of its experts at a central location during the appointed week.  Accordingly, counsel for FDIC-R sent a final email to all counsel stating that if defendants did not confirm the depositions of FDIC-R's experts by the close of business on January 27, the experts would not be able to appear in Dallas and defendants would have to plan the depositions

experts do not need the deposition transcripts of FDIC-R's experts in order to prepare their own reports. They have a full month to review and respond to FDIC-R's expert reports, which contain the experts' opinions and grounds therefor. If new opinions or grounds come to light in the depositions of FDIC-R's experts, Defendants' experts might be justified in amending or supplementing their reports. Additionally, Defendants' experts will be deposed the first week of March and that will allow them an opportunity to comment on any testimony given by FDIC-R's experts. Finally, Defendants can even have their experts attend the depositions of FDIC-R's experts if they desire.

Defendants unite in highlighting the number of documents at issue in this case, but in doing so they greatly exaggerate the situation. The "over 300,000 documents" to which Liberty refers (ECF No. 97 at 4) is the number of pages FDIC-R has produced to Liberty in response to the search terms Liberty requested under the ESI Protocol governing this case.[4] So, in effect, Liberty controls the number of documents it has to review, and FDIC-R believes Liberty has requested far more documents than necessary to defend this suit. This is not to criticize Liberty for being thorough, but rather to note that it can effectively create an argument for more time by simply summoning hundreds of thousands of documents and insisting that they all need to be reviewed and analyzed before proceeding. It is important to note that as soon as the parties agreed to a protective order in this case, FDIC-R produced approximately 50,000 pages of documents to all Defendants. (*See* ECF No. 97 at 4; ECF No. 98 at 2). Those documents – including loan files, Board and Loan Committee minutes, and official bank policies – are what FDIC-R believes are relevant to the

---

within 100 miles of the experts' residences as per the federal rules of civil procedure. Counsel for the Director Defendants responded by requesting to take the depositions at a later date. In an effort to accommodate the Director Defendants, FDIC-R agreed to postpone the depositions to the following week.

[4] These documents have not been produced to Arrillaga under the ESI Protocol, so his lament over the "350,000 pages of . . . documentary evidence" is puzzling. (ECF No. 99 at 2). Arrillaga has yet to request documents under the ESI Protocol.

issues in this case, and Defendants have had those documents for several months.  Certainly

Defendants are entitled to make their own assessment of those documents and utilize the ESI

Protocol to seek others that they believe are relevant.  But with a bank the size of Eurobank (or

any bank for that matter) the process of mining documents could go on *ad nauseam*.  There comes

a point at which enough is enough.

Finally, while FDIC-R will of course adjust to any order the Court might enter, it has

planned its trial preparation around the agreed schedule currently in place.  If the deadlines are

extended as Defendants request, briefing on dispositive motions will extend into July (the month

before trial) and interfere with and disrupt preparation for trial.  The Court has already granted one

request to extend the discovery deadline by more than three months, and Defendants have failed

to show good cause to grant another.

WHEREFORE, FDIC-R respectfully requests that the Court deny Defendants' motions

seeking to extend the Case Management Deadlines.

Respectfully submitted on January 31st, 2014.

> /s/ *Clint R. Latham*
> **MULLIN HOARD & BROWN, LLP**
> Clint R. Latham (TX Bar No. 24013009)
> Robert R. Bell (TX Bar No. 00787062)
> *admitted pro hac vice*
> 500 South Taylor, Suite 800
> Amarillo, Texas  79101
> Tel. 806-372-5050/Fax 806-372-5086
> Email:clatham@mhba.com
>         rbell@mhba.com
>
> /s / *Jairo Mellado-Villarreal*
> **MELLADO & MELLADO-VILLARREAL**
> Jairo Mellado-Villarreal, 208112
> 165 Ponce de León Ave., Suite 102
> San Juan, Puerto Rico 00917-1233
> Tel. 787-767-2600/Fax 787-767-2645
> E-mail:  jmellado@mellado.com
>
> Steven C. Morrison, Esq., G01713

4

Federal Deposit Insurance Corporation
7777 Baymeadows Way West, Suite 551L
Jacksonville, FL 32256
Tel. 904-256-3854/Fax. 904-256-3854
E-mail:  stemorrison@fdic.gov
*Counsel for the FDIC as Receiver of Eurobank*

**CERTIFICATE OF SERVICE**

I hereby certify pursuant to L.Cv.R. 5.1 (b) (2) that I filed this document electronically with

the Clerk of the Court using the CM/ECF System, which will send notification of such filing to all

parties of record in the captioned case.

/s/ *Jairo Mellado-Villarreal*

5