## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **FEDERAL DEPOSIT INSURANCE CORPORATION,** | |
| **Plaintiff,** | |
| v. | **CIVIL NO. 13-1328 (PAD)** |
| **RAFAEL ARRILLAGA-TORRENS, JR., <u>et al.</u>** | |
| **Defendants.** | |

## MEMORANDUM AND ORDER

Delgado-Hernández, District Judge.

The Federal Deposit and Insurance Corporation as receiver of Eurobank ("FDIC-R") initiated this action to recover approximately $55 Million in losses that it attributes to the gross negligence of the bank's former directors in approving twelve loans (Docket No. 1 at ¶ 81). As part of the same action, it sued Liberty Mutual Insurance Company, ACE Insurance Company, and XL Insurance Company, maintaining the insurers issued policies covering the claims asserted against the Directors. <u>Id.</u> at ¶¶ 14, 15, 16. On August 26, 2016, the court issued an Opinion and Order disposing of a number of motions to dismiss and for summary judgment (Docket No. 561). Before the court are:

1. "Rafael Arrillaga-Torrens' Motion to Reconsider the August 26, 2016 Opinion and Order, or in the Alternative, to Certify the Order for Appeal under 28 U.S.C. Sec. 1292(B)" (Docket No. 595), which the FDIC-R opposed (Docket No. 613). Arrillaga-Torrens' replied (Docket No. 622), and the FDIC-R sur-replied (Docket No. 632).

2. "Arrillaga's Motion to Strike the FDIC's Opposition to the Motion for Reconsideration" (Docket No. 614), which the FDIC-R opposed (Docket No. 615).

3. Director defendants' ("SBSMN"s) "Restricted Motion to Enforce and for Contempt" against Liberty Mutual (Docket No. 626), which Liberty Mutual opposed (Docket No. 634). SBSMN replied (Docket No. 637-1), and Liberty Mutual sur-replied (Docket No. 652).

4. "Rafael Arrillaga-Torren's Motion to Modify the Court's January 4th Order" regarding Liberty Mutual (Docket No. 640), which Liberty Mutual opposed (Docket No. 644). Arrillaga-Torrens replied (Docket No. 649), and Liberty sur-replied (Docket No. 656).

The parties presented these motions and related filings between December 16, 2016 and February 27, 2017. For the reasons explained below, Arrillaga-Torrens' and SBSMN's motions must be DENIED. The motions deal with separate issues: (1) the merits, involving the FDIC (Dockets Nos. 595, 613, 614, 615, 622, and 632); and (2) attorney's fees, involving Liberty Mutual (Docket Nos. 626, 634, 637-1, 644, 649, and 652).

**A. Motion for Reconsideration and/or to Certify, and Request to Strike Opposition**.

First, the request to strike at Docket No. 614 is predicated on the notion that, in its opposition to the reconsideration/certification motion, the FDIC-R improperly referred to confidential mediation discussions in violation of Local Civ. Rule 83J(g). The FDIC-R referred to the prior mediation in footnote 14 of its opposition (Docket No. 613 at p. 15, n.14). Objectively viewed, the footnote does not disclose any confidential information from mediation. Rather, it refers to U.S. Magistrate-Judge McGiverin's public minute at Docket No. 523, stating that the

parties had reached an impasse, and that resolution of the pending motions for summary judgment was necessary for any progress to be made regarding settlement.  The footnote goes on to point out the FDIC-R's perspective about what aspects of the pending motions for summary judgment were impediments to settlement.  It is apparent that such perspective is based on what seems obvious: Arrillaga-Torrens' focus on pre-receivership defenses.  On that basis, the request to strike must be DENIED.

Second, the motion for reconsideration/certification at Docket No. 595 was filed 112 days after entry of the Opinion and Order to which it refers.  The Federal Rules of Civil Procedure provide for a 28-day limit to request reconsideration of final judgments.  See, Fed. R. Civ. P. 59.  Even though neither the Rules of Civil Procedure nor Local Rules in Puerto Rico expressly regulate the limit to request reconsideration of interlocutory rulings, those requests must not be unreasonably late.  Reasonableness is contextual.

In this case, Arrillaga-Torrens' motion was not filed within a reasonable timeframe.  The operative Opinion and Order was entered on August 26, 2016 (Docket No. 561).  The same day the court issued the Opinion and Order, it ordered the parties to file a Joint Pretrial Conference Report not later than October 3, 2016 (Docket No. 562).  The FDIC-R requested an extension to file (Docket No. 565).  However, Arrillaga-Torrens opposed the extension request, stating that he "is ready for trial" (Docket No. 566 at p. 1).

Arrillaga-Torrens' motion focuses on the role of the FDIC-C and related pre-receivership defenses, which were extensively briefed in connection with the motions ruled on by the Opinion and Order.  Considering the issues on which the motion for reconsideration is based, it could and should have been filed earlier in the litigation, not nearly four times the amount of time available to request reconsideration of a final judgment, and certainly not after time and resources were

invested preparing the Joint Pretrial Conference Report. This is more so, for as Arrillaga-Torrens stated in September 2016, he is ready for trial. Similarly, the authorities he brings forth in support of his view that there was a manifest error of law do not persuade the court to deviate from its previous rulings. In the main, his arguments are a rehash of arguments previously raised, argued, evaluated, and rejected. The court stands by the rulings set in the Opinion and Order at Docket No. 561. In consequence, the reconsideration request must be DENIED.[1]

Third, the interlocutory certification mechanism is meant to be used sparingly. See, Camacho v. Puerto Rico Ports Authority, 369 F.3d 570, 573 (1st Cir. 2004)(so acknowledging). It must not be untimely. The petition must be filed in the district court within a reasonable time after the order sought to be appealed. See, Ahrenholz v. Board of Trustees, 219 F.3d 674, 675 (7th Cir. 2000)(so holding). In Scanlon v. M.V. SUPER SERVANT 3, 429 F.3d 6, 9 (1st Cir. 2015), the First Circuit concluded that the district court appropriately denied interlocutory certification as untimely after a four-month delay. And as the FDIC-R points out in its opposition, other courts have consistently ruled that unexcused delays of less magnitude than the one here warrant denial of certification. See, Docket No. 613 at pp. 11-12 and cases cited therein.

There is no reasonable excuse for Arrillaga-Torrens to have brought the interlocutory certification petition 112 days following entry of the Opinion and Order, after the Joint Pretrial Conference Report was prepared and filed, when he is ready for trial and the petition essentially refers to the FDIC-C's pre-receivership role (Docket No. 595 at p. 20), a matter of which he was fully aware before the motions for summary judgment were filed, and was extensively briefed at the summary judgment stage. At this point, in the absence of alternate disposition, the case should

---

[1] Arrillaga-Torrens mentions a procedural incident in FDIC v. Galán-Álvarez, Civ. No. 12-1029 (PAD). See, Docket No. 622, at p. 8. Suffice it to say that the context of the dispute in Galán-Álvarez is different than the one here. So it offers no support to Arrillaga-Torrens' timeliness argument in the present case.

move forward in its entirety to trial. Therefore, the interlocutory certification petition must be DENIED.

### B. Attorney's Fees.

SBSMN and Arrillaga-Torrens take issue with the way Liberty Mutual has handled payment of attorney's fees, basically calling into question the insurer's good faith, and thus, its compliance with the court's order at Docket No. 610. From the motions and related documentation, the court cannot conclude that Liberty has violated the order to negotiate in good faith.

Liberty has paid a significant amounts in fees, and explained to Arrillaga-Torrens's counsel the basis for its decision to object the disputed time entries. Likewise, it has asked an explanation for Arrillaga-Torrens' counsel's proposed 4.6% across-the-board deduction. As relates to SBSMN, the court must infer that due to an unintended problem, SBSMN did not receive the information leading up to the filing of the contempt request. Yet, the matter should have been clarified and corrected with a phone call or e-mail. The court will not refer these disputes to U.S. Magistrate Judge McGiverin. Although important, the fees controversy is essentially collateral and separate from the merits.

As of today, the court is satisfied with Liberty's explanations. The court will continue to monitor developments, and will not tolerate bad faith attempts to sidetrack the ultimate disposition of the case with unreasonable delay in payment of fees due in accordance with the parameters under which they should be evaluated and paid. For the same reason, modification of previous orders, contempt, sanctions and attorney's fees are not warranted. Hence, the requests by Arrillaga-Torrens and SBSMN must be DENIED.

### C. Conclusion.

In light of the foregoing, "Rafael Arrillaga-Torrens' Motion to Reconsider the August 26, 2016 Opinion and Order, or in the Alternative, to Certify the Order for Appeal under 28 U.S.C. Sec. 1292(B)" (Docket No. 595); "Arrillaga's Motion to Strike the FDIC's Opposition to the Motion for Reconsideration" (Docket No. 614); SBSMN's "Restricted Motion to Enforce and for Contempt" (Docket No. 626); and "Rafael Arrillaga-Torren's Motion to Modify the Court's January 4th Order" (Docket No. 640) are DENIED. Arrillaga-Torrens' lead counsel shall make a good faith effort to meet in Puerto Rico during the period of February 28-March 7, 2017 with Liberty's counsel to discuss the disputed time entries and reach an agreement.

**SO ORDERED.**

In San Juan, Puerto Rico, this 27th day of February, 2017.

                                             s/Pedro A. Delgado-Hernández
                                             PEDRO A. DELGADO-HERNÁNDEZ
                                             United States District Judge